FILED'09 JUN 22 15:44USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

                Plaintiff,

    v.

JEANNETTE KING and JOHN DOE KING
and all occupants of 1215 West Main Street, Unit F,
Medford, OR 97501,

                Defendants.

Case Number CV 09-3048-CL

**REPORT & RECOMMENDATION**

Clarke, Magistrate Judge:

Intro:

       Defendants Jeannette King, John Doe King, and all occupants of 1215 West Main Street, Unit F, Medford, OR 97501 ("Defendants"), proceeding *pro se*, have filed a Notice of Removal (#2) alleging jurisdiction in this court on the basis of 28 U.S.C. § 1332, diversity jurisdiction, and § 1367, supplemental jurisdiction. (Notice of Removal 1.) Plaintiff Federal Home Loan Mortgage Corporation ("Plaintiff") originally filed a summons and eviction in Jackson County Circuit Court. (Notice of Removal, Ex. A.)

       Defendants filed an application to proceed *in forma pauperis* ("IFP application") (#1). Defendants have also filed a motion to dismiss (#3).

Report & Recommendation 1

For the reasons set forth below, the Court recommends that abstention is appropriate. This action should be remanded to state court. Defendants' motion to dismiss and IFP application are therefore moot.

## I. Procedural Background

Plaintiff filed a claim in Jackson County Circuit Court on April 28, 2009, to evict Defendants. Plaintiff's state court claim explains that on February 20, 2009, it obtained the deed of trust at a trustee's sale after Defendants (then grantors of the trust) defaulted on their obligations. Plaintiff asserted that it was entitled to possession of the property because of a trust deed foreclosure, pursuant to Or. Rev. Stat. 86.755(5). Defendants were summoned to Jackson County Circuit Court on May 13, 2009. (Notice of Removal, Ex. A, 1-2.) This was a forcible entry and detainer (FED) action under Or. Rev. Stat. §§ 105.105 through 105.168. It is unclear what resulted on May 13, 2009. On June 3, 2009, Defendants filed this notice of removal along with a motion to dismiss on several grounds and an IFP application. Plaintiff has filed no documents with the federal court at this time.

## II. Legal Standards

The removal statute is strictly construed against removal jurisdiction. If there is any doubt as to the right of removal, federal jurisdiction must be rejected. Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992) (per curiam); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Because of this strong presumption against removal jurisdiction, the defendant has the burden of establishing that removal was proper. Gaus, 980 F.2d at 566; Duncan, 76 F.3d at

Report & Recommendation 2

1485. Lack of subject matter jurisdiction may be raised by the court on its own motion.[1] Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F.2d 302, 303 (9th Cir. 1987), overruled on another ground by Paddington v. Gedan, 923 F.2d 686 (9th Cir. 1991); Tanzymore v. Bethlehem Steel Corp., 457 F.2d 1320, 1323 (3d Cir. 1972). Generally a defendant may remove an action to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. 28 U.S.C. § 1446.

## III. The Court Should Abstain from Exercising Jurisdiction and Remand the Case to State Court

Defendants filed this Notice of Removal, asserting that the case had "original jurisdiction" because of diversity between parties, as Defendants are residents of Oregon and Plaintiff is resident of Washington, and the amount in controversy exceeds $75,000, as required un 28 U.S.C. § 1332. (Notice of Removal ¶ 3.) Defendants further argue that there is supplemental jurisdiction under 28 U.S.C. § 1367.[2] (Notice of Removal ¶ 7.)

---

[1] The Court notes that the removal statute provides that an action other than one founded on federal question jurisdiction "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is pending." 28 U.S.C. § 1441(b). However, this forum defendant rule is procedural and not jurisdictional, and the court may not raise the issue *sua sponte* as a ground for remand. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 936, 939, 942 (9th Cir. 2006), cert. denied, 549 U.S. 1207 (2007).

Claims violating the forum defendant rule should not be dismissed under 28 U.S.C. § 1915, Proceedings *in forma pauperis* either. Section 1915(e)(2) authorizes the court to dismiss a claim from a party seeking IFP status at any time if "the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A defect in a procedural rule does not make the claim frivolous or malicious, it does not mean that the claim cannot be granted relief, and it does not implicate a party who has immunity. On the issue of the forum defendant rule alone, the claim should neither be dismissed sua sponte nor remanded.

[2] Defendants also argue in their Motion to Dismiss that there are constitutional issues involved. Defendants claim that Oregon's FED laws deprive them of several of their constitutional rights. (Def.'s Mem. in Supp. of Mot. to Dismiss 11.) However, in determining whether removal is appropriate, the Court only considers the arguments found in the Notice of Removal.

Report & Recommendation 3

A.  **The Abstention Principle Is Appropriate When the Claim Involves Basic Issues of State Policy**

The Supreme Court explained in Burford v. Sun Oil, 319 U.S. 315 (1933) that the federal court may exercise its discretion, whether the Court has jurisdiction under diversity or otherwise, and "'refuse to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest . . .'" 319 U.S. 315, 317-18 (1933), quoting U.S. v. Dern, 289 U.S. 352, 360 (1933). Abstention evolves from "scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." Id., 319 U.S. at 332 (citations omitted). "[W]hen an issue 'clearly involves basic problems of [state] policy[,] . . . equitable discretion should be exercised to give the [state] courts the first opportunity to consider them.'" Fireman's Fund Ins. Co. v. Quackenbush, 87 F.3d 290, 296 (9th Cir. 1996) quoting Burford, 319 U.S. at 332. "[A]bstention is particularly appropriate when dealing with a complicated comprehensive regulatory statute intended to strike a balance between differing local interests." Moos v. Wells, 585 F.Supp. 1348, 1350 (S.D. New York 1984) (citations omitted).

The Ninth Circuit requires specific factors to be present before applying the Burford abstention principle: "(1) that the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy." Tucker v. First Maryland Savings & Loan, Inc., 942 F.2d 1401, 1405 (9th Cir. 1991) citing Knudsen Corp. v. Nevada State Dairy Comm'n, 676 F.2d 374, 377 (9th Cir. 1982). Burford only applies to equitable actions. Space Age Fuels, Inc. v. Standard Oil Co. of California, 1996 WL 160741 (D.Or.).

Report & Recommendation 4

### B. Defendants Removed a FED Action that Concerns State Public Policy

Under a FED action, "the person entitled to the premises may maintain in the county where the property is situated an action to recover the possession of the premises in the circuit court or before any just of the peace of the county." Or. Rev. Stat. § 105.110. Foreclosure or trustee's sales invoke FED actions under Oregon Law:

> The purchaser at the trustee's sale shall be entitled to possession of the property . . . and any persons remaining in possession after that day under any interest, except one prior to the trust deed or created voluntarily by the grantor or successor of the grantor, shall be deemed to be tenants at sufferance. All persons not holding under an interest prior to the trust deed may be removed from possession by following the procedures set out in [Oregon FED statute]. . ."

Or. Rev. Stat. § 86.755(5). "[A]n action of forcible entry and detainer is a special statutory proceeding, in derogation of the common law." Purcell v. Edmunds, 175 Or. 68, 70 (1944).

Defendants removed this FED action, brought pursuant to a trust deed foreclosure. Plaintiff filed its "Summons Residential Eviction" Case No. 092877 on April 28, 2009, its Jackson County Circuit Court: "Tenants are in possession of the dwelling unit, premises, or rental property . . . . Landlord is entitled to possession of the property because of . . . Trust Deed Foreclosure pursuant to ORS 86.755(5)."

This FED action is regulated by state law, specifically Or. Rev. Stat. §§ 105.105 through 105.168, which provides such actions to be brought in Oregon circuit court. Or. Rev. Stat. § 105.110; see Tucker, 942 F.2d at 1405. The Burford abstention principles apply, and the state court should be given the opportunity to resolves this issue. See Fireman's Fund Ins. Co., 87 F.3d at 296.

Report & Recommendation 5

## V. Conclusion

This FED action involves a state regulatory statue and important state policy issues. The Court should abstain and remand the case to state court. Defendants' motion to dismiss and IFP application are accordingly moot.

## VI. Recommendation

The Court recommends remanding the case to State Court.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due by July 10, 2009 If objections are filed, any responses to the objections are due within 10 days, see Federal Rules of Civil Procedure 72 and 6*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 22 day of June, 2009.

MARK D. CLARKE

United States Magistrate Judge