FILED'09 AUG 27 10:52 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FEDERAL HOME LOAN MORTGAGE CORP.,

       Plaintiff,

  v.

JEANNETTE KING, et al.,

       Defendants.

Civ. No. 09-3048-CL

ORDER

**PANNER, District Judge**:

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). No objections have been timely filed. This relieves me of my obligation to give the factual findings de novo review. See 28 U.S.C. § 636(b)(1)(C). I review legal principles de novo.

**DISCUSSION**

- ORDER

Plaintiff brought this action in Jackson County Circuit Court, seeking relief under the forcible entry and detainer (FED) statutes, Or. Rev. Stat. §§ 105.105 - 105.168. Defendants removed the action to this court, asserting diversity jurisdiction.

## I. There Is No Diversity Jurisdiction

As Judge Clarke correctly notes, the removal statutes are strictly construed against removal, and the defendant bears the burden of showing removal is proper. For diversity jurisdiction to exist, more than $75,000 must be at issue. 28 U.S.C. § 1332(a). In FED actions, the issue is right of possession. Bunch v. Pearson, 186 Or. App. 138, 142, 62 P.3d 878, 880 (2003). Plaintiff here did not seek money damages in its complaint, and there is no evidence that more than $75,000 is at stake. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). This court lacks diversity jurisdiction.

## II. There Is No Federal Question Jurisdiction

After removal, defendants filed a motion to dismiss in this court, raising federal constitutional defenses. A defendant's assertion of a federal defense generally is not sufficient to create federal question jurisdiction, however. Under the well-pleaded complaint rule, "a claim arises under federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009) (quoting

- ORDER

Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005)). Because plaintiff's complaint here presented no federal questions on its face, this court lacks federal question jurisdiction.

Because this court lacks subject matter jurisdiction, I need not address whether this court should abstain from asserting jurisdiction.

## CONCLUSION

This action is remanded to state court for lack of subject matter jurisdiction. Magistrate Judge Clarke's Report and Recommendation (#5), and all other pending motions, are moot. The Clerk of the Court is directed to send the file of this action to the Jackson County Circuit Court.

IT IS SO ORDERED.

DATED this 26 day of August, 2009.

OWEN M. PANNER
U.S. DISTRICT JUDGE

- ORDER